FELIPE CARDONA GALARZA, Plaintiff and Appellee, *v.*
RAFAEL ORTEGA, Defendant and Appellant.

No. 9738.   Argued April 14, 1948.—Decided April 22, 1948.

*Víctor Rivera Colón* for appellant.   *Bauzá & Bauzá* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The appellee prays for the dismissal of this appeal on the ground that the notice of appeal was served on his attorney by mail and not personally, despite the fact that said attorney as well as appellant's have their offices at San Juan and Santurce, respectively.   He invokes §§ 320 and 321 of the

Code of Civil Procedure [1] and cases from this Court to the effect that the service should be made personally on an attorney who resides in the same city, *Asencio* v. *Heirs of Rodríguez,* 49 P.R.R. 8; *Santana* v. *Salinas,* 54 P.R.R. 109; otherwise, this Court does not acquire jurisdiction for lack of a proper service.

■■ The appellant opposes the dismissal sought. He admits that he served the notice by mail, and not personally, on appellee's attorney, but that in doing so he complied with Rule 5(*b*) of the Rules of Civil Procedure. In our opinion he is correct. The Rule provides:

"(*b*) Service: How Made.—Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. *Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address* or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, or, if the office is closed or the person to be served has no office, leaving it at his dwelling

---

[1] These sections provide: "Section 320.—The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"1. If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them, between the hours of eight in the morning and four in the afternoon, in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence, with some person of suitable age and discretion; and if his residence be not known, then by putting the same, inclosed in an envelope, into the post-office, directed to such attorney.

"2. If upon a party, it may be made by leaving the notice or other paper at his residence, between the hours of eight in the morning and six in the evening, with some person of suitable age and discretion; and if his residence be not known, by putting the same inclosed in an envelope, into the post-office, directed to such party by registered mail.

"Section 321.—Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail."

house or usual place of abode with some person of suitable age and discretion residing therein. *Service by mail is complete upon mailing.*'' (Italics ours.)

As to those actions and proceedings to which the new rules are applicable [2] under Rule 81(*a*), Rule 5(*b*) substitutes the procedure formerly established by § 321, *supra*, and authorizes service by mail on the attorney of the adverse party without the former limitation that the person making the service and the person served had to reside or have their offices at different places, that is, in different cities or municipalities, according to the construction given to the words ''different places'' in *Quintero* v. *Morales,* 19 P.R.R. 1120; *Gascón* v. *Alvarez,* 28 P.R.R. 339; *Marxuach* v. *Acosta,* 35 P.R.R. 582. Since this limitation has been rejected, it is plain that the service made is valid and the dismissal sought does not lie.

Commenting on Federal Rule 5(*b*), similar to ours, Moore says:

''Service of pleadings and other papers, other than those required to be served upon a party in the same manner as a summons,[3] may be made by mail . . . When a party is represented by more than one attorney of record, service upon any one of them is sufficient.

''It should be noted that the last sentence of Rule 5(*b*) provides that service by mail is complete upon mailing. This is significant. Non-receipt of the paper does not affect the validity of the service.'' 1 Moore's Federal Practice 376.

Since appellee was properly served, the motion for dismissal is overruled.

---

[2] Cf. *Martínez Fernández & Co., S. en C.* v. *García, ante,* p. 363. Footnote (1).

[3] See the last portion of Rule 5(*a*) which provides that pleadings asserting new or additional claims for relief against parties in default shall be served upon them in the manner provided for service or summons in Rules 4; and also Rule 25(*a*) providing that service of a motion for substitution, in case of a death of one of the parties should be made on persons not parties in the manner provided for the service of summons.